CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
June 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEAN BLAKENEY, | ) |
|     Plaintiff, | ) Case No. 7:24-cv-00413 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al., | ) Senior United States District Judge |
|     Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Dean Blakeney, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. Blakeney claims that he was subjected to unconstitutional conditions of confinement at River North Correctional Center (RNCC). The case is presently before the court on a motion to dismiss filed by two supervisory officials named as defendants: Harold W. Clarke and D. Anderson. ECF No. 12. For the reasons set forth below, the motion is **GRANTED**.

### I.   Background

According to the complaint, Blakeney was previously incarcerated at Nottoway Correctional Center, where he was placed in segregation for using drugs. See Compl., ECF No. 1, ¶ 9. On August 22, 2023, Blakeney was rushed to the hospital after being found unresponsive in his cell. Id. Although a nurse informed defendant K. Williams that Blakeney did not have drugs in his system, Williams did not share this information when Blakeney was discharged from the hospital. Id. ¶ 16.

After being discharged, Blakeney was transferred to RNCC and placed in a dry cell in the segregation unit. Id. He alleges that defendant R. Hickman kept him in the dry cell for 23

days, even though no drugs were found in his system. Id. ¶ 10. During the 23-day period, Blakeney was not permitted to shower or brush his teeth. Id. His toilet was not flushed for 10 days, and he was forced to eat his food while inhaling the smell of unflushed urine and feces. Id.

After being transferred to Buckingham Correctional Center, Blakeney filed this action under § 1983 against Clarke, Anderson, Williams, and Hickman. At the time of the events at issue, Clarke was the Director of the Virginia Department of Corrections and Anderson was the Warden of RNCC. Blakeney alleges that Anderson was "legally responsible for the operation of RNCC" and that Anderson did not make rounds during the 23-day period in which he was housed in the dry cell. Id. ¶ 14. Blakeney alleges that Clarke was "legally responsible for the overall operation of the Department [of Corrections] and each institution under its jurisdiction" and that the actions of Clarke's "subordinates" constituted cruel and unusual punishment in violation of the Eighth Amendment. Id. ¶¶ 4, 13. Blakeney seeks to recover monetary damages against the defendants "for holding [him] in a dry cell unit" at RNCC. Id. ¶¶ 25–26. He also seeks a declaration that the acts and omissions described in the complaint violated his federal constitutional rights. Id. ¶ 24.

Clarke and Anderson, who are sued in their individual and official capacities, have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).\* ECF No. 12. Blakeney has responded to the motion, ECF No. 18, and the motion is ripe for review.

---

\* Williams and Hickman have filed an answer to the complaint.

## II.     Standard of Review

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks omitted).

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Pro se litigants still must allege sufficient facts to state a plausible claim for relief. Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016).

## III.    Discussion

Blakeney filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured

3

by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Official-Capacity Claims

Blakeney filed suit against Clarke and Anderson in their individual and official capacities. A suit against a state official in his official capacity is "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). It is well settled that the Eleventh Amendment "bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983." Lawson v. Gault, 828 F.3d 239, 278 (4th Cir. 2016) (citing Will, 491 U.S. at 71). Additionally, whereas § 1983 "permits suit against 'every person' who deprives an individual of his or her rights under color of state law, neither States nor state officials acting in their official capacities constitute 'persons' within the meaning of the statute when sued for monetary relief." Fauconier v. Clarke, 966 F.3d 265, 279-80 (4th Cir. 2020).

In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court recognized an exception to Eleventh Amendment immunity that allows individuals to seek prospective equitable relief against state officials to prevent ongoing violations of federal law. Biggs v. N.C. Dep't of Pub. Safety, 953 F.3d 236, 242 (4th Cir. 2020). To fall within this exception, a plaintiff must allege "an ongoing violation of federal law" and seek relief that is "properly characterized as prospective." Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (internal quotation marks omitted). In his complaint, Blakeney seeks declaratory relief, in addition to monetary damages. However, the declaratory relief requested by Blakeney—a declaration that the acts and omissions described in the complaint violated his rights—is

barred by the Eleventh Amendment. "This is so because the limited exception to Eleventh Amendment immunity created by Ex parte Young . . . . provides only for prospective injunctive relief from a continuing violation of federal law, and not for declaratory relief for a past violation of federal law." Int'l Coalition for Religious Freedom v. Maryland, 3 F. App'x 46, 49 (4th Cir. 2001) (emphasis in original); see also Williams v. Reeves, 954 F.3d 729, 737 (5th Cir. 2020) ("[T]o comply with the dictates of Ex parte Young, plaintiffs' lawsuit must allege that the defendants' actions are currently violating federal law.") (emphasis in original). Because Blakeney does not allege an ongoing violation of federal law, his claims against Clarke and Anderson in their official capacities must be dismissed.

### B. Individual-Capacity Claims

In order to state a claim against a defendant in his individual or personal capacity, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and alterations omitted). "Liability is thus determined person by person: A plaintiff must show 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 676).

#### 1. Defendant Clarke

Blakeney does not allege that Clarke was personally involved in placing him in a dry cell at RNCC or subjecting him to the conditions of confinement described in the complaint. Instead, Blakeney appears to premise his claim against Clarke solely on his supervisory role at the time of the events giving rise to this action. Blakeney alleges that Clarke was "legally

5

responsible for the overall operation of the Department [of Corrections]" and that Clarke's "subordinates" violated his federal constitutional rights. Compl. ¶¶ 4, 13.

It is well established that the doctrine of respondeat superior or vicarious liability is "inapplicable . . . to § 1983 suits." Iqbal, 556 U.S. at 676. Government officials "may be liable in their individual capacities only for their personal wrongdoing or supervisory actions that violated constitutional norms." Timpson v. Anderson Cnty. Disabilities & Special Needs Bd., 31 F.4th 238, 257 (4th Cir. 2022). To establish supervisory liability under § 1983, a plaintiff must satisfy three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)); see also Johnson v. Robinette, 105 F.4th 99, 123 (4th Cir. 2024).

Blakeney's complaint falls far short of satisfying these elements. There are no factual allegations from which the court could reasonably infer that Clarke knew or should have known that any of his subordinates was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Blakeney or any other inmate. See Timpson, 31 F.4th at 257–58 ("Establishing a 'pervasive and unreasonable' risk of harm under the first element 'requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury.'") (quoting Shaw, 13 F.3d at 799). Likewise, Blakeney

6

does not plausibly allege that Clarke tacitly authorized the conditions of which he complains or acted with deliberate indifference to a pervasive risk of harm. See id. ("To prove 'deliberate indifference' under the second element, the plaintiff typically must show a supervisor's 'continued inaction in the face of documented widespread abuses.'") (quoting Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984)). The mere assertion that Clarke was "legally responsible for the overall operation of the Department [of Corrections] and each institution under its jurisdiction," including RNCC, Compl. ¶ 4, is insufficient to establish supervisory liability under § 1983. See Wilkins v. Montgomery, 751 F.3d 214, 227 (4th Cir. 2014) ("Appellant argues that Appellee had an overarching duty to keep the patients at CSH safe . . . . While this may be true, it does not relieve Appellant of the burden of showing a pervasive risk of harm that Appellee knew about, actually or constructively—a burden that Appellant has not met."). Consequently, the complaint fails to state a claim against Clarke in his individual capacity.

### 2. Defendant Anderson

Blakeney's allegations against Anderson fare no better. Blakeney alleges that Anderson was "legally responsible for the operation of RNCC and the welfare of all the inmates in that prison" and that Anderson failed to fulfill those responsibilities during the 23 days that Anderson was confined in a dry cell. Compl. ¶¶ 5, 21. In particular, Blakeney alleges that Anderson did not "make his rounds throughout the segregation unit" in which Blakeney was held. Id. Blakeney claims that by failing to do so, Anderson imposed "cruel and unusual punishment with deliberate indifference." Id.

"It is well settled that the Eighth Amendment's prohibition against the infliction of cruel and unusual punishments reaches beyond a prisoner's sentence to the treatment of a

7

prisoner . . . in prison and the conditions under which he is confined." Ford v. Hooks, 108 F.4th 224, 229 (4th Cir. 2024) (alteration in original) (internal quotation marks omitted). To establish a violation of the Eighth Amendment, "a prisoner must satisfy two requirements—first, he must demonstrate that the deprivation was, objectively, sufficiently serious, and second he must demonstrate that the prison official had a sufficiently culpable state of mind." Id. (internal quotation marks omitted). In cases challenging conditions of confinement, "that state of mind must be at least 'deliberate indifference' to the inmate's 'health or safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

"Deliberate indifference is a very high standard, and a showing of mere negligence will not meet it." Id. (internal quotation marks omitted). "A plaintiff establishes deliberate indifference by showing that the prison official knew of and disregarded an excessive risk to inmate health or safety." Danser v. Stansberry, 772 F3d 340, 347 (4th Cir. 2014) (internal quotation marks and brackets omitted). Importantly, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (internal quotation marks omitted). "Thus, 'an official's failure to alleviate a significant risk that he should have perceived but did not' will not give rise to a claim under the Eighth Amendment." Id. (quoting Farmer, 511 U.S. at 838). Instead, deliberate indifference "requires proof that the prison official subjectively knew of the substantial risk of harm to a prisoner and consciously disregarded it." Ford, 18 F.4th at 230 (internal quotation marks omitted).

Even assuming that Blakeney's allegations are sufficient to satisfy the objective component of an Eighth Amendment claim, the complaint does not contain any factual

8

allegations from which the court could reasonably infer that Anderson acted with deliberate indifference to Blakeney's health or safety. There is no indication that Anderson even knew that Blakeney had been placed in a dry cell in the segregation unit at RNCC, much less that Anderson consciously disregarded a substantial risk of harm resulting from Blakeney's conditions of confinement. At most, the complaint suggests that Anderson acted negligently in failing to conduct rounds in the segregation unit while Blakeney was housed there. Mere negligence, however, is "not enough to show deliberate indifference." Hixson v. Moran, 1 F.4th 297, 303 (4th Cir. 2021). Consequently, the complaint fails to state a claim against Anderson in his individual capacity.

## IV. Conclusion

For the reasons set forth herein, the motion to dismiss filed by Clarke and Anderson, ECF No. 12, is **GRANTED**, and the claims against these defendants will be dismissed without prejudice. An appropriate order will be entered.

Entered: June 24, 2025

Michael F. Urbanski
U.S. District Judge
2025.06.24 16:40:35
-04'00'

Michael F. Urbanski
Senior United States District Judge